**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 24 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN DI ROCCO

                         Plaintiff,

         -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
POLICE CAPTAIN THOMAS B. CORONA,
NASSAU COUNTY POLICE SERGEANT J.
HUGHES, NASSAU COUNTY POLICE OFFICER
M. VERGANO, NASSAU COUNTY POLICE
INSPECTOR SEAN MC CARTHY, and POLICE
OFFICERS JOHN DOE #1-10

                         Defendants.
-------------------------------------------------------------------X

CV-12 4777

**COMPLAINT**

BIANCO, J.

TOMLINSON, M

         Plaintiff JOHN DiROCCO, by his attorneys, La Reddola, Lester & Associates, LLP, as

and for his complaint against the Defendants respectfully sets forth:

## PRELIMINARY STATEMENT

1.       This is a civil rights action for monetary damages brought under 42 U.S.C § 1983 for

violation of the rights of the Plaintiff JOHN DiROCCO ("DiROCCO") under the Fourth and

Fourteenth Amendment of the Constitution for unlawful arrest and violation of Due Process by

failing to provide him with an adequate opportunity to recover certain rifles and shotguns that

Defendants confiscated along with other pendant state cause of action.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action under 28 U.S.C §§ 1331 and 1342 in that

Defendants' conduct violated rights guaranteed to Plaintiff under the Second, Fourth and

Fourteenth Amendment of the United States Constitution.

3.      This Court has supplemental and/or *pendente* jurisdiction over Plaintiff's state law claims

under 28 U.S.C. § 1367(a) as the common law claims form part of the same case or controversy.

4.      On June 28, 2012, Plaintiff served a Notice of Claim under New York General Municipal

Law Sections 50-e and 50-1 on Defendants.  A copy of this Notice of Claim is attached hereto as

Exhibit 1.

5.      More than thirty (30) days have elapsed since the service of said Notice of Claim upon

Defendants and adjustment or payment thereof has been neglected or refused.

6.      The matter in controversy excesses the sum of SEVENTY FIVE THOUSAND

DOLLARS ($75,000).

7.      Venue in this District is proper under 28 U.S.C. § 1391(b), as the Plaintiff's claims arose

in the Eastern District of New York, Plaintiff resides within the Eastern District of New York

and, upon information and belief, all parties currently reside or maintain offices within the

Eastern District of New York.

8.      Each Defendant is, upon information and belief, and individual citizen or governmental

entity of New York.


## PARTIES

9.      Plaintiff DiROCCO is a citizen of the State of New York and a resident of Nassau

County who resides at 15 Colonial Avenue, Mineola, New York 11501.

10.     Upon information and belief, Defendant COUNTY OF NASSAU ("NASSAU"), is a governmental agency with offices at.1 West Main Street, 2nd Floor, Mineola, New York 11501.

11.     Upon information and belief, Defendant NASSAU COUNTY POLICE DEPARTMENT ("NCPD") is an agency of Defendant NASSAU with offices at 1490 Franklin Avenue, Mineola, New York 11501.

12.     Upon information and belief, NASSAU COUNTY POLICE CAPTAIN THOMAS B. CORONA ("CORONA"), NASSAU COUNTY  POLICE SERGEANT J. HUGHES ("HUGHES"), NASSAU COUNTY POLICE DEPUTY INSPECTOR SEAN MC CARTHY ("MC CARTHY"), NASSAU COUNTY  POLICE OFFICER M. VERGANO ("VERGANO"), NASSAU COUNTY POLICE PROPERTY CLERK LT. JOHN CURLEY ("CURLEY") and POLICE OFFICERS JOHN DOE #1-10 (collectively "Police Officers") were at all times, employees of the NCPD acting under their supervision and direction.

13.     Upon information and belief, CORONA has an office with the Third Precinct at 214 Hillside Avenue, Williston Park, New York 11596.

## FACTUAL ALLEGATIONS

9.     On April 20, 2012, at approximately 11AM, the NCPD knocked on DiROCCO's front door.

10.     When DiROCCO opened the front door, armed NCPD officers forcibly entered DiROCO's residence without permission.

11.     The NCPD did not have an arrest warrant or probable cause to enter DiROCCO's residence.

3

12.     At no time relevant herein, was DiROCCO conducting himself in a manner likely to result in a serious injury to himself or others.

13.     The NCPD threw Di ROCCO against the living room wall and forcibly handcuffed DiROCCO.

14.     Sergeant Hughes stated that one of DiROCCO's co-workers had reported to that DiROCCO was depressed or "may be" suicidal.

15.     Under NCPD policy and procedure, DiROCCO was taken against his will to the Nassau County University Medical Center in East Meadow, New York.

16.     Plaintiff has shown no signs of being a danger to himself or others before or since the NCPD's seizure of him.

17.     Under NCPD policy and procedure, the NCPD forcibly seized DiROCCO's antique, rare, and modern rifle collection.

18.     None of the firearms in the antique, rare and modern rifle collection was a handgun, but, rather, all longarms, i.e., designed to be fired from the shoulder.

19.     After 4 to 5 hours, the doctors certified that DiROCCO was mentally sound and ordered his release from the hospital.

20.     On or about April 30, 2012, written demand was made upon the Third Precinct Deputy Commander, Inspector McCarthy for the return of DiROCCO's property.

21.     On June 19, 2012, a letter requesting return for DiROCCO's  lawfully owned collection of long arms was made to Captain Thomas B. Corona. As mentioned above, Captain Corona was provided with a letter from DiROCCO's psychiatrist attesting that DiROCCO was not dangerous.

22.     On June 28, 2012, Notice of Claim was served upon NASSAU and the NCPD.

4

23.    On July 3, 2012, DiROCCO received a letter and questionnaire from Captain Corona stating "Your response will be reviewed and considered in deciding the eventual disposition of any long gun(s)"; CORONA advised DiROCCO on or about July 1, 2012 that "You're not getting them back."

24.    This response is under a NCPD policy and procedure that places the burden on the property owner to request their property back, with certainty to have their request denied, and then be compelled to bring an Article 78 Petition to return the property.

25.    This process was deemed unconstitutional, in the case of Razzano v. County of Nassau, 07-CV-3983 (E.D.N.Y., 2011)

26.    The NCPD has no authority for the registration of longarms in New York State.

27.    The NCPD is willfully ignoring the now prevailing law, which requires them to provide a timely hearing (within thirty days) for the return of the property or initiate an action to validate the continued possession.

28.    The NCPD has not provided Plaintiff with a timely post deprivation hearing as required by Razzano to satisfy Due Process.

29.    DiROCCO's longarms have not been returned to him.

30.    Defendants are wrongfully detaining and withholding Plaintiff's property.

31.    DiROCCO is under no restriction that would prevent him from purchasing a new longarm, including Mc Kinney's Penal Law §265.00(16); which provides for any Police Department to obtain a certificate from a State Justice or a hospital that the owner of long arms is mentally unsuitable to possess them.

32.    DiROCCO was never charged with any crime.

33.     Post Razzano, the NCPD, which is situated in the Eastern District of New York, can no longer indefinitely hold property belonging to those who are under no legal impediment, as a matter of law.

34.     The NCPD has not initiated an administrative "fair hearing" law to validate the continued possession of Plaintiff's property, nor the action/special proceeding in State Supreme Court which is also mandated by Razzano.

35.     The time for the NCPD to initiate such an action in State court for *de novo* review to validate the continued possession of Plaintiff's property has passed.

36.     DiROCCO has made many attempts by telephone and by sending letters for the return of his antique, rare and modern rifle collection, all of which have been ignored.

37.     With each unnecessary step DiROCCO must take to have his long arms returned, he suffers mental anguish and emotional distress, together with financial losses.


## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C § 1983 – Violation of Plaintiff's Fourteenth Amendment Due Process and Second Amendment Rights
### (As Against All Defendants)

38.     Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

39.     An individual is afforded Due Process protection under the Fourteenth Amendment of the United States Constitution in regard to governmental confiscation of property.

40.     Plaintiff's longarms are property to which he is afforded Fourteenth Amendment Due Process Protection, and Second Amendment Protection.

6

41.     Upon information and belief, Defendants, acting under the color of New York State Law, have violated Plaintiff's Fourteenth and Second Amendment Rights by enacting a policy which fails to provide a procedure or mechanism under which one can reclaim confiscated longarms; and plaintiff has suffered damages therefrom.

42.     Upon information and belief, the policy that is enacted, namely requiring Plaintiff to fill out a questionnaire instead of providing a hearing for the return of confiscated longarms, violates the Fourteenth and Second Amendment Rights by placing the burden on the Plaintiff for the return of his property.

43.     By requiring Plaintiff to take affirmative steps, including, *inter alia*, the hiring of an attorney, the preparation of formal legal pleadings, the payment of a filing fee, the commencement of legal proceedings in participation in all formal procedural devises antecedent to a trial and then tried to challenge the unlawful retention of Plaintiffs property, the Defendants have acted unreasonably and unconstitutionally in violation of the Due Process Clause of the Fourteenth Amendment and Plaintiff's substantive rights guaranteed to him by the Second Amendment.

44.     As a proximate result of the Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, and associated legal expense and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial, but no less than TEN MILLION DOLLARS ($10,000,000.00)  plus punitive damages and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C § 1983 – Violation of Plaintiff's 4th Amendment Rights for False Arrest
(As Against the County of Nassau, HUGHES, VERGANO, CORONA, MC CARTHY, CURLEY and  NASSAU COUNTY POLICE OFFICERS JOHN DOE #1-10)

7

45.     Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

46.     Upon information and belief, Defendants, acting under the color of New York State Law, have violated Plaintiff's Fourth Amendment Rights by arresting, detaining, and imprisoning Plaintiff in the Nassau County University Medical Center; and Plaintiff has suffered damages therefrom.

47.     At all times mentioned, HUGHES, VERGANO, MC CARTHY, CORONA, and CURLEY and other Police Officers were acting within the scope of employment with the NCPD.

48.     Plaintiff was arrested by HUGHES and other Police Officers of the NCPD without probable cause that he committed any crime and without an arrest warrant.

49.     Plaintiff was arrested without conducting himself in a manner likely to result in a serious injury to himself or others.

50.     The detention of the Plaintiff by Defendants was an abuse of power, constituting a seizure within the meaning of the Fourth Amendment and deprived Plaintiff of his liberty.

51.     Plaintiff was conscious of his confinement and he did not consent to this confinement nor was the confinement otherwise privileged.

52.     The NCPD and Police Officers, lacked reasonable suspicion, probable cause, an arrest warrant, or any other valid legal reason to effectuate the arrest of Plaintiff

53.     This arrest and the actions of the NCPD and Police Officers constituted an unlawful arrest and imprisonment.

8

54.     The seizure and deprivation of Plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

55.     The actions of the NCPD and Police Officers were malicious, intentional, reckless and/or negligently done to intimidate Plaintiff and did cause great emotional distress to Plaintiff.

56.     As a proximate result of the Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, and associate legal expense and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial, but no less than ONE MILLION DOLLARS ($1,000,000), plus punitive damages and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
**42 U.S.C § 1988(b) – Legal Fees**
**(As Against All Defendants)**

57.     Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

58.     Due to Defendants' unlawful arrest and detention of Plaintiff and Defendants' continued retention of Plaintiff's longarms without cause or legal authority and without a remedy for Plaintiff, Plaintiff has incurred legal fees in order to obtain relief for the violation of his constitutional rights and to regain possession of his property.

59.     By reason of the foregoing, Plaintiff seeks Attorney's fees pursuant to 42 U.S.C 1988(b), or in an amount this Court deems proper and appropriate.

9

## AS AND FOR A FOURTH CAUSE OF ACTION
### Conversion
### (As Against All Defendants)

60.     Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

61.     Defendants took and retained Plaintiffs' longarms.

62.     Defendants unjustifiably continue to retain possession of Plaintiff's long arms without cause or legal authority and without a remedy for Plaintiff. A listing of the long arms still in possession is attached as Exhibit 2.

63.     Plaintiff is the rightful owner of the longarms.

64.     Plaintiff has made multiple demands for the return of his property.

65.     These demands have been ignored and/or denied.

66.     The fair and reasonable total value of Plaintiff's longarms is TWO HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00).

67.     By reason of the foregoing, Plaintiff has been damaged in the sum of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) as and for the value of Plaintiff's longarms.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Replevin
### (As Against All Defendants)

68.     Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

10

69.     The Defendants seized and retained Plaintiff's longarms.

70.     The continued detention of Plaintiff's longarms by the Defendants is wrongful and unlawful in that the Plaintiff holds both superior title and superior rights to possession of same.

71.     Plaintiff demands the return of said rare, antique and/or prototype chattels which were taken and retained by the Defendants.

72.     The Plaintiff has no adequate remedy at law and seeks both a pre-trial order directing the return and a trial judgment confirming that Plaintiff holds possessing rights to the long arms superior to that of each and every Defendant herein.

73.     By reason of the foregoing, Plaintiff is entitled to both a provisional (pre-trial) order of replevin and final judgment confirming same, and directing Defendants to return Plaintiff's longarms, as described above.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Pendant Claim for False Arrest
### (As Against All Defendants)

74.     Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

75.     Plaintiff was arrested without probable cause that he had committed any crime and without an arrest warrant.

76.     Plaintiff was arrested without conducting himself in a manner likely to result in a serious injury to himself or others.

77.     Plaintiff was conscious of his confinement and he did not consent to this confinement nor was the confinement otherwise privileged.

11

78.     Because the NCPD lacked reasonable suspicion, probable cause, an arrest warrant, or any other valid legal reason to effectuate the arrest of Plaintiff, this arrest and the actions of the Defendants amounted to an unlawful arrest and imprisonment.

79.     At all times mentioned, all officers and employees of NASSAU were acting within the scope of their employment.

80.     At all times mentioned, the Police Officer and employees were employed by Defendant NASSAU.

81.     The actions of the Police Officers and employees, which were performed within their scope of employment, create liability against Defendant NASSAU under New York State Law.

82.     Consequently, Defendant NASSAU is liable under *respondeat superior* for the actions of their employees.

83.     As a proximate result of the Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, and associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial, but no less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Pendent Claim for Battery
### (As Aganst all Defendants)

84.     Plaintiff repeats and realleges the allegations contained in all paragraphs above as if fully set forth herein.

85.     That by virtue of the seizure of the person of the Plaintiff, the shoving of Plaintiff up against a wall, the physical transportation of the Plaintiff against his will, the parading of the

12

Plaintiff half-maked in handcuffs through the streets of Mineola in full view of his neighbors, and other violent acts by the NCPD officer Defendants, including Sergeant Hughes, and his retinue, who were present and unlawfully failed to intervene to protect Plaintiff's civil rights, are liable to Plaintiff in civil battery.

86.     Said batteries caused great agony o body and mind to the Plaintiff, and additionally great humiliation, embarrassment, loss of dignity, reputation, friendship, status, and self esteem, and caused present and future great fear of all police officers.

87.     All Defendants herein, except Lt. John Curley, have, upon information and belief, ratified, adopted and either expressly or impliedly consented to the commission of this tort by the active tortfeasance of Defendant, Sergeant Hughes, acting under the encouragement and direction of Defendant, Deputy Inspector Mc Carthy.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**Pendant Claim for Assault**
**(As Against all Defendants, except Lt. John Curley)**

88.     Plaintiff repeats and realleges the allegations contained in all paragraphs above as though fully set forth herein.

89.     By virtue of the foregoing, the Defendant, Sergeant Hughes, directed, aided and/kr encouraged by Defendant Deputy Inspector Mc Carthy, placed the Plaintiff in great feat and apprehension of the imminency of bodily harm.

90.     Upon information and belief, all Defendants, excepting Lt. John Curley, have ratified, adopted and either expressly or impliedly consented to this tort by the active tort feasors, Defendant Sergeant Hughes, acting under the directives of Deputy Inspector Mc Carthy.

13

## AS AND FOR A NINTH CAUSE OF ACTION
### Pendant Claim for False Imprisonment
### (As Against All Defendants)

91.     Plaintiff repeats and realleges each allegation contained in all paragraphs above as though fully set forth below.

92.     That by virtue of the foregoing, Defendant active tort feasors, Sergeant Hughes, acting with the encouragement of or at the direction of Defendant Deputy Inspector Mc Carthy, are liable for false imprisonment of the Plaintiff.

93.     Upon information and belief, all Defendants, except Lt. John Curley, have ratified, adopted and either expressly or impliedly consented to the commission of said tort against the Plaintiff.

### PRAYERS FOR RELIEF

Plaintiff requests that he receive judgment as follows:

a.      First Cause of Action: in excess of $10,000,000.00 in damages;

b.      Second Cause of Action: in excess of $10,000,000.00 in damages;

c.      Third Cause of Action: Attorneys fees and costs pursuant to 42 U.S.C. 1988(b), or in an amount this Court deems proper and appropriate;

d.      Fourth Cause of Action: in excess of $350,000.00 in damages, costs and attorneys fees;

e.      Fifth Cause of Action: the return of all Plaintiff's property currently in the possession of the Nassau County Police Department including all of Plaintiff's Longarms.

f.      Sixth Cause of Action: in excess of $10,000,000.00 in damages;

g.      Seventh Cause of Action: in excess of $10,000,000.00 in damages;

h.      Eighth Cause of Action: in excess of $10,000,000.00 in damages;

14

i.        Ninth Cause of Action: in excess of $10,000,000.00 in damages;

j.        A declaratory judgment that Defendants willfully violated Plaintiff's rights secured by the federal and state constitution, as alleged herein;

k.        An Permanent Injunctive Order requiring the Nassau County Police Department to (i) return all the long arms that it wrongfully possess' to their proper owners and (ii) institute a fair and adequate procedures for the handling of firearms in Nassau County that does not violate the due process requirements of the State and Federal Constitution; and

l.        An Order granting such other legal and equitable relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues.

Dated: Garden City, New York
      September 21, 2012

                      **La REDDOLA, LESTER &**
                      **ASSOCIATES, LLP**

                      Robert J. La Reddola, Esq. (RJL 6501)
                      *Attorneys for Plaintiff John DiRocco*
                      600 Old Country Road, Suite 224
                      Garden City, New York 11530
                      (516) 745 -1951

**Exhibit 1**

Notice of Claim Against Public Corporation pursuant to
General Municipal Law; Not for use in the Court of Claims; 6-31

JULIUS BLUMBERG INC.,
PUBLISHER, NYC 10013

*In the Matter of the Claim of*

JOHN DIROCCO

TO: COUNTY OF NASSAU    (Treasurer of Nassau County, GeneralCounsel,NCPD,Property Clerk
and Ten John Does (N.C.P.D.)  Nassau County Police Department Bureau of Legal Affairs)

*PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against you as follows:*

1. *The name and post-office address of each claimant ~~and his/her attorney~~ is:*

   JOHN DIROCCO
   15 Colonial Avenue
   Mineola, NY
   516 410 1379
   516 747 0391

2. *The nature of the claim:*

   Replevin, Conversion, negligence, false arrest, 42 U.S.C. s1983
   Constitutional Tort, Assault and Battery, Defamation of Character

3. *The time when, the place where and the manner in which the claim arose:*

   On or about April 20th,2012 between the hours of 11:00a.m. to 8:00p.m
   at 15 Colonial Avenue, Mineola, New York. The Nassau County Police
   Department, on information and belief,     The Third Precinct's personnel,
   unlawfully entered the claimant's home, arrested the claimant, conducted
   an unlawful search and seizure of Claimant, his property, both real and
   personal, ransacked the premises, trespassed on the real property,terrorized
   both claimant and his fiancee' and assaulted and battered the claimant.
   The tortfeasors conversion and trespass to chattels included the
   forcible seizure of claimant's antique,rare, and modern arms collection
   copy of which inventory is annexed hereto as exhibit "A".

4. *The items of damage or injuries claimed are (do not state dollar amounts)*

   See exhibit "A" annexed.

   (comprised of 148 arms) and other personalty.

   In addition, physical damage to claimant,  damage to reputation, fright and
   terror, humiliation and damage to claimant's premises.

Case 2:12-cv-04777-JFB-AKT   Document 1   Filed 09/24/12   Page 18 of 30 PageID #: 18

*The undersigned claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.*

Dated: ~~MAY 22, 2012~~

June 28th 2012 j.c.

X _____
The name signed must be printed beneath

JOHN DIROCCO
John Di Rocco
The name signed must be printed beneath

~~Attorney(s) for Claimant(s)~~
~~Office and Post Office Address   Telephone Number~~

**CORPORATE VERIFICATION**

*State of New York, County of*                              ss.:

*being duly sworn, deposes and says that deponent is the*
                                    *of*
*corporate claimant named in the within action; that depo-*
*nent has read the foregoing Notice of Claim and knows the*
*contents thereof, and that the same is true to deponent's*
*own knowledge, except as to the matters therein stated to be*
*alleged upon information and belief, and as to those matters*
*deponent believes it to be true.*

   *This verification is made by deponent because said*
*claimant is a                          corporation, and deponent*
*an officer thereof, to wit its*
*The grounds of deponent's belief as to all matters not stated*
*upon deponent's knowledge are as follows:*

**INDIVIDUAL VERIFICATION**

*State of New York, County of* NASSAU                    ss.:

*being duly sworn, deposes and says that deponent is*
*the claimant in the within action; that . .he has read the*
*foregoing Notice of Claim and knows the contents thereof;*
*that the same is true to deponent's own knowledge, except*
*as to the matters therein stated to be alleged on information*
*and belief, and that as to those matters deponent believes it*
*to be true.*

*Sworn to before me, this* 28th
*day of* ~~MAY~~ JUNE        ~~19~~ 2012

LAURIE A. FERRAIUOLO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01FE6168166
Qualified in New York County
Commission Expires June 11, 20 15

*Sworn to before me, this*
*day of*                            19

*In the Matter of the Claim of*

JOHN DIROCCO

**Notice of Claim Against**

COUNTY OF NASSAU
AND TEN JOHN DOES, being P.O.'s

~~Attorney(s) for~~ Claimant(s)
*Office and Post Office Address*
15 Colonial Avenue
Mineola, NY.
516 410 1379
516 747 0391

**Exhibit 2**

The following listed items #1-#148 were seized from John Dirocco at 15 Colonial Ave in Mineola, NY on April 20, 2012 as per NYS Mental Hygiene Law.

PO M. Vergasio #3670

Withnessed by Sgt. J.Hughes

| FINDER/ CLAIMANT | LAST NAME Dirocco | | FIRST NAME John | ADDRESS AND ZIP CODE 15 Colonial Ave Mineola NY 11501 | | PHONE NO. 516-747-0391 |
|---|---|---|---|---|---|---|
| ITEM NO. | QUANTITY | | | ARTICLE | | U.S. CURRENCY ONLY |
| 1 | 1 | | | .30 Cal General Motors Serial #705386 | | |
| 2 | 1 | | | 12 Gauge Shotgun Serial #50532 | | |
| 3 | 1 | | | Winchester Rifle Model 1892 Serial #70357 | | |
| 4 | 1 | | | US Rifle .30 Cal Serial #2735969 | | |
| 5 | 1 | | | Winchester Rifle Model 1894 Serial #822962 | | |
| 6 | 1 | | | Unknown type Brown wood rifle Serial #P7755 | | |
| 7 | 1 | | | Unknown type Brown rifle 7.62mil Serial # Unknown | | |
| 8 | 1 | | | Browning Arms .308cal Serial #910337 | | |
| 9 | 1 | | | Beretta Model 3901 12 Gauge Shotgun Serial #BU34775 | | |
| 10 | 1 | | | Unknown type Brown rifle Serial #MN3409 | | |
| 11 | 1 | | | Anberg Model 1868 rifle Serial #30214 | | |
| 12 | 1 | | | US Springfield Arms Model 1903 Serial # 1459820 | | |
| 13 | 1 | | | Winchester 30mm M1 Serial # 1254962 | | |
| 14 | 1 | | | Patt 14 Rifle Serial #35947 | | |
| 15 | 1 | | | Unknown Brown rifle with scope Serial #BC4883 | | |

****Page 1 of 10 Pages****

| ITEM NO. | QUANTITY | FINDER/CLAIMANT LAST NAME: Dirocco | FIRST NAME: John | ADDRESS AND ZIP CODE: 15 Colonial Ave Mineola NY 11501 | ARTICLE | PHONE NO. 516-747-0391 | U.S. CURRENCY ONLY |
|---|---|---|---|---|---|---|---|
| 16 | 1 | | | | FMFAL 7.62mm Rifle Serial #AD690607 | | |
| 17 | 1 | | | | Unknown type Brown Rifle Serial #03129-69 | | |
| 18 | 1 | | | | Thompson .45 Serial #M15969 | | |
| 19 | 1 | | | | Unknown type Brown Rifle Serial #31C767 | | |
| 20 | 1 | | | | Unknown type Brown Rifle Serial #BB7905 | | |
| 21 | 1 | | | | Unknown type Brown Rifle Serial #51C7174 | | |
| 22 | 1 | | | | Colt Rifle .223cal Serial # CCH040815 | | |
| 23 | 1 | | | | Springfield .30cal rifle Serial # 3243736 | | |
| 24 | 1 | | | | Coach Gun shotgun Serial # Unknown | | |
| 25 | 1 | | | | US Carbine .30cal Serial #1575102 | | |
| 26 | 1 | | | | Unknown type Brown Rifle Serial #154953 | | |
| 27 | 1 | | | | SHE Model 59 serial #1038062 | | |
| 28 | 1 | | | | US Springfield model 1903 Serial #1196131 | | |
| 29 | 1 | | | | NO 4 M51 Serial #1307083 | | |
| 30 | 1 | | | | Russian cezkoslovenska serial #9873 | | |

****Page 2 of 10 Pages****

| ITEM NO. | FINDER/ CLAIMANT QUANTITY | LAST NAME Dirocco | FIRST NAME John | ADDRESS AND ZIP CODE 15 Colonial Ave Mineola, NY 1151 | ARTICLE | PHONE NO. 516-747-0391 | U.S. CURRENC ONLY |
|---|---|---|---|---|---|---|---|
| 31 | 1 | | | Remington 12 Gauge Shotgun Model 11 Serial #479977 | | | |
| 32 | 1 | | | Unknown type Brown Rifle Serial #57525 | | | |
| 33 | 1 | | | US Springfield .30cal rifle Serial 124162 | | | |
| 34 | 1 | | | T&W Inc 9x19 Serial #H002452 | | | |
| 35 | 1 | | | Paratrooper rifle model 570 serial #9069 | | | |
| 36 | 1 | | | Unknown type Brown Rifle Serial #C38460 | | | |
| 37 | 1 | | | SHB rifle serial #9R37676 | | | |
| 38 | 1 | | | SPI Colt AR 15 Serial #08015 | | | |
| 39 | 1 | | | A series rifle serial #8-44A4173 | | | |
| 40 | 1 | | | Remington 12 Gauge Shotgun Serial # 469078 | | | |
| 41 | 1 | | | Unknown type Brown Rifle with scope Serial #BC6430 | | | |
| 42 | 1 | | | British sniper rifle NO 4M51 Serial #A0812 | | | |
| 43 | 1 | | | Unknown type Brown Rifle Serial #C49038 | | | |
| 44 | 1 | | | Remington Wingmaster model 870 12 Gauge Serial #V537897V | | | |
| 45 | 1 | | | Lever Action Brown rifle Serial #109683 | | | |

****Page 3 of 10 pages****

| ITEM NO. | QUANTITY | ARTICLE | U.S. CURRENCY ONLY |
|---|---|---|---|
| | FINDER/ CLAIMANT | LAST NAME: Dirocco   FIRST NAME: John   ADDRESS AND ZIP CODE: 15 Colonial Ave Mineola, NY 11501   PHONE NO: 516-747-0391 | |
| 46 | 1 | Mossberg 500 Shotgun 12 gauge serial #T192992 | |
| 47 | 1 | Stoger Arms Model 1952 .30cal Serial #11109 | |
| 48 | 1 | Unknown type Brown Rifle Serial #809 | |
| 49 | 1 | Sharps & Hankins shotgun serial #4244 | |
| 50 | 1 | Enfield model 1931Serial #A1928 | |
| 51 | 1 | Colt .223 SP1 AR15 Serial #SP68415 | |
| 52 | 1 | J Stevens 12 Gauge Shotgun Serial #53030 | |
| 53 | 1 | NO1 mk3 serial #E98860 | |
| 54 | 1 | Maniticher Model 1950 .27 cal Serial # 4693 | |
| 55 | 1 | Zastava Kragujeval serial #005830 | |
| 56 | 1 | Japanese type Brown Rifle Serial #L24282 | |
| 57 | 1 | Springfield remington model 1903 Serial #3043637 | |
| 58 | 4 | Springfield .30 cal Serial # 47916 | |
| 59 | 1 | Gastser Waffenfabur Model 1908 Serial #14310 | |
| 60 | 1 | Enfield Model 1922 Serial#4649 | |

****Page 4 of 10 Pages****

| ITEM NO. | FINDER/ CLAIMANT LASTNAME Dirocco | FIRSTNAME John | QUANTITY | ARTICLE | ADDRESS AND ZIP CODE 15 Colonial Ave Mineola NY 11501 | PHONE NO. 516-747-0391 | U.S. CURRE ONLY |
|---|---|---|---|---|---|---|---|
| 61 | | | 1 | Unknown type Brown Rifle Serial #3705 | | | |
| 62 | | | 1 | CA1 Georgia VT Serial #T530D1938 | | | |
| 63 | | | 1 | US Rifle M1A Serial#043576 | | | |
| 64 | | | 1 | Light Brown 7.62mm Serial #A852 | | | |
| 65 | | | 1 | Springfield 7.62mm Serial #1754627 | | | |
| 66 | | | 1 | Winchester 1885 Serial #113965 | | | |
| 67 | | | 1 | BM brown rifle serial #W42246 | | | |
| 68 | | | 1 | Winchester Model 94 Serial #990100 | | | |
| 69 | | | 1 | Fluss Stahl Krupp Essen Serial #80167 | | | |
| 70 | | | 1 | M1A Lithgow Bolt Action Serial #26968 | | | |
| 71 | | | 1 | Unknown type Brown Rifle Serial #368797P | | | |
| 72 | | | 1 | 7.62 M1A with scope Serial #E-00479 | | | |
| 73 | | | 1 | Springfield Model 1903 Serial #1470363 | | | |
| 74 | | | 1 | M1 .30 cal Serial #2025603 | | | |
| 75 | | | 1 | M1A 7.62 Springfield Serial #043963 | | | |

1 212 529 7673 P.10

| FINDER/ CLAIMANT | | | | U.S. CURRENCY ONLY |
|---|---|---|---|---|
| LAST NAME | FIRST NAME | ADDRESS AND ZIP CODE | PHONE NO. | |
| Dirocco | John | 15 Colonial Ave Mineola, NY 11501 | 516-747-0391 | |
| ITEM NO. | QUANTITY | ARTICLE | | |
| 76 | 1 | BYF Model 98 Serial# 19247 | | |
| 77 | 1 | Unknown type Brown Rifle Serial #0790 | | |
| 78 | 1 | Mn 47 Rifle With Scope Serial #126523 | | |
| 79 | 1 | Unknown type Brown Rifle Serial #1870 | | |
| 80 | 1 | Springfield M1 .30 cal Serial #236239 | | |
| 81 | 1 | Remington Model 700 .30cal Serial #147325 | | |
| 82 | 1 | M1 SPR1 Rifle Serial #381917 | | |
| 83 | 1 | Unknown type Brown Rifle Serial #3288614 | | |
| 84 | 1 | Calvary Shotgun Serial #Unknown | | |
| 85 | 1 | Winchester 12 Gauge pump action shotgun serial #879243 | | |
| 86 | 1 | Japanese sniper rifle serial #072545 | | |
| 87 | 1 | FTR wood rifle serial #3830 | | |
| 88 | 1 | Springfield model 1903 serial #620786 | | |
| 89 | 1 | Giorgia VT rifle Serial #913001791Z | | |
| 90 | 1 | Galil 5.56 with nub handle Serial #MR02529 | | |

****Page 6 of 10 Pages****

| FINDER/CLAIMANT | | | | | | |
|---|---|---|---|---|---|---|
| ITEM NO. | QUANTITY | LAST NAME Dirocco | FIRST NAME John | ADDRESS AND ZIP CODE 15 Colonial Ave Mineola, NY 11501 | PHONE NO. 516-747-0391 | |
| | | | | ARTICLE | | U.S. CURRENCY ONLY |
| 91 | 1 | | | MA Lithgun model 1940 Serial #620786 | | |
| 92 | 1 | | | Winchester M1 .30cal serial #2340633 | | |
| 93 | 1 | | | England "GB" Serial # 14C5159 | | |
| 94 | 1 | | | Parker Enfield Serial # J52542 | | |
| 95 | 1 | | | Japanese Wooden rifle Serial #13012375 | | |
| 96 | 1 | | | Unknown Lithgow Serial #A2359 | | |
| 97 | 1 | | | Fluss Stahl Krupp Serial #1311 | | |
| 98 | 1 | | | Winchester carbine rifle Serial #1106046 | | |
| 99 | 1 | | | Japanese Rifle Serial #38934 | | |
| 100 | 1 | | | FNA Brescia Serial #XR4426 | | |
| 101 | 1 | | | Unknown type Brown Rifle Serial #T8525 | | |
| 102 | 1 | | | Winchester 12 Gauge Shotgun Serial #928914 | | |
| 103 | 1 | | | MA Lithgow FTR Serial C60452 | | |
| 104 | 1 | | | M1A Winchester Serial #2525193 | | |
| 105 | 1 | | | Unknown Model 58 Serial #1588 | | |

****Page 7 of 10 Pages****

| FINDER/ CLAIMANT | LAST NAME | FIRST NAME | ADDRESS AND ZIP CODE | PHONE NO. 516-747-0391 |
|---|---|---|---|---|
| ITEM NO. | QUANTITY | Dirocco | John | 15 Colonial Ave Mineola, NY 11501 |
| | | | ARTICLE | U.S. CURRENCY ONLY |
| I06 | 1 | | Browning 12 Gauge Shotgun Serial #08016NW869 | |
| I07 | 1 | | REG 2 serial # 577-450 | |
| I08 | 1 | | Remington with scope serial #D6237850 | |
| I09 | 1 | | Unknown type Brown Rifle Serial #2515 | |
| I10 | 1 | | Unknown .22cal rifle serial #889429 | |
| I11 | 1 | | Japanese Wood Rifle Serial #N56690 | |
| I12 | 1 | | Sturm Ruger 44 Magnum Serial #100-04786 | |
| I13 | 1 | | H+K SL8-1223 Serial #48-008336 | |
| I14 | 1 | | Colt AR-A3 Serial #BK013722. | |
| I15 | 1 | | .44cal WCF Serial #4p3028 | |
| I16 | 1 | | British sniper serial # x37294 | |
| I17 | 1 | | Metford rifle serial #12598 | |
| I18 | 1 | | Unknown type Brown Rifle Serial #42A1D71 | |
| I19 | 1 | | Rockland Arsenal Model 1903 Serial #313501 | |
| I20 | 1 | | Robinson M96 .223cal Serial #HP99002131 . | |
| | | | ****Page 8 of 10 Pages**** | |

1 212 529 7673   P.13

| ITEM NO. | QUANTITY | ARTICLE |
|---|---|---|
| FINDER/CLAIMANT LAST NAME: Dirocco | FIRST NAME: John | ADDRESS AND ZIP CODE: 15 Colonial Ave Mineola, NY 11501 | PHONE NO. 516-747-0391 | U.S. CURRENCY ONLY |
| 121 | 1 | Sentinal Arms Bulgarian 7.62 Serial 1216 |
| 122 | 1 | Winchester Model 94 44 magnum Serial 32/3266M |
| 123 | 1 | US Carbine .30cal M1 Serial# Unknown |
| 124 | 1 | Remington Model 8 Serial #53296 |
| 125 | 1 | Remington 700 .223 with scope Serial #C6763647 |
| 126 | 1 | Sentry Georgia VT Serial #Y003672 |
| 127 | 1 | Springfield Model 1903 Serial #1519957 |
| 128 | 1 | R1A1 Sporter Serial #127955 |
| 129 | 1 | Unknown type Brown Rifle Serial #W193121 |
| 130 | 1 | Intrac Arms Serial #1997-6658 |
| 131 | 1 | Unknown type Brown Rifle Serial #L78799 |
| 132 | 1 | B West Tiger Serial #32545 |
| 133 | 1 | Browning 12 Gauge Shotgun Serial #113MX08084 |
| 134 | 1 | Unknown type Brown Rifle Serial #Unknown |
| 135 | 1 | Winchester .308 Serial #G1754602 |

****Page 9 of 10 Pages****

| FINDER/CLAIMANT LAST NAME | FIRST NAME | ADDRESS AND ZIP CODE | PHONE NO. |
|---|---|---|---|
| Dirocco | John | 15 Colonial Ave Mineola, NY 11501 | 516-747-0391 U.S. CURRENCY ONLY |

| ITEM NO. | QUANTITY | ARTICLE |
|---|---|---|
| 136 | 1 | ITM Arms MK99 Serial #DH49009 |
| 137 | 1 | Unknown type Brown Rifle Serial #M710AB2 |
| 138 | 1 | Winchester Model 1892 Serial #75715 |
| 139 | 1 | Antique Rifle with no Serial |
| 140 | 1 | Antique Rifle With no serial |
| 141 | 1 | Antique Rifle With no serial |
| 142 | 1 | Brescia Antique Rifle Serial #MO1277 |
| 143 | 1 | Antique Rifle Serial # 3939 |
| 144 | 1 | Antique Bolt Action Rifle Serial #F40830 |
| 145 | 1 | Antique Flintlock Rifle With no serial |
| 146 | 1 | Antique Flintlock Rifle Model 1862 Serial #25 |
| 147 | 1 | Spencer repeating rifle Model 1865 Serial #28017 |
| 148 | 1 | US Confederate Division Schubarth 1863 with no serial |

****Above Property seized as per NYS Mental Hygiene Law****

****Page 10 of 10 Pages****

TOTAL P.14